**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**HEATHER HANNAH LEWIS,**<br><br>Debtor. | Case No. **16-60898-7** |

## MEMORANDUM OF DECISION

At Butte in said District this 3rd day of April, 2017.

Debtor, Heather Hannah Lewis ("Debtor") filed on January 31, 2017 (Dkt.19)[1] a Motion for Sanctions for Violation of the Discharge Injunction pursuant to Fed. R. Bankr. P. 9014, 11 U.S.C. § 524(a)(2) and 11 U.S.C. § 105(a) to find Verizon Wireless ("Verizon") in violation of the Discharge Injunction (the "Motion").

### JURISDICTION

This Court has original and exclusive jurisdiction of Debtor's Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a).

### PROCEDURAL AND FACTUAL BACKGROUND

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on

---

[1] The Motion was served on Verizon on January 31, 2017, by U.S. Mail to the following addresses:

Verizon Wireless
Bankruptcy Admin. Dept.
Suite 550
500 Technology Drive P.O. Box 5029
Saint Charles MO 63304-2225

Verizon Wireless
Attn: Correspondence Team
P.O. Box 5029
Wallingford, CT 06492

(collectively, the addresses above are referred to as the "Addresses").

September 2, 2016. On October 7, 2016, Debtor amended her schedules to include Verizon and its claim for $630.00. The Notice of Amendment and the Notice of Commencement of Case was sent to Verizon at: Verizon Wireless, Bankruptcy Administration Dept., 500 Technology Dr., Suite 500, Saint Charles, MO 63304 (the "Missouri Address").

Verizon sent Debtor a bill referencing $629.36, a past due balance in early December. The bill was dated December 2, 2016. This bill was sent to Debtor at 2409 Arcadia Dr. Apt. 1, Missoula, MT 59803-2136. According to the bill, correspondence should be directed to: Verizon Wireless Attn.: Correspondence Team, P.O. Box 5029, Wallingford, CT 06492 (the "Connecticut Address").

On December 5, 2016, an Order Discharging Debtor (the "Discharge Order") was entered in this case. Notice of the Discharge Order was sent on December 7, 2016,[2] by first class mail by the Bankruptcy Noticing Center ("BNC") to various parties identified in Debtor's schedules.

On December 13, 2016, Debtor's counsel sent a letter to Verizon, with the words, "Notice of Violation of Discharge Injunction" conspicuously displayed on the first page, along with Debtor's name, case no., and other relevant information. The letter explained that Verizon's efforts to collect the debt were enjoined by 11 U.S.C. § 524(a)(2). It further explained that, "any further action to collect this debt will be treated as a willful violation of the automatic stay and we will immediately file suit to have your company held in contempt of court and for an award of attorney's fees and all available damages."[3] The letter was mailed to the Addresses for Verizon.[4] Neither letter was returned as undeliverable.

---

[2] Although Verizon is included as a party on the Certificate of Notice, it appears Verizon may have been a bypassed recipient and did not receive notice at the Missouri Address. There is no reference to the Connecticut Address in the Certificate of Notice.

[3] Given Debtor's prior citation to11 U.S.C. 524(a)(2) in the letter, the reference to automatic stay in this sentence was a mistake.

[4] Thus, setting aside whether Verizon received the Discharge Order and notice initiated by the BNC, counsel's letter

In early January of 2017, Debtor received a new Verizon bill, for a balance of $629.36. The bill was followed by a series of collection calls, as follows: (i) January 12, 2017 at 2:21 p.m.; (ii) January 13, 2017 at 9:17 a.m.; (iii) January 16, 2017 at 4:31 p.m.; (iv) January 17, 2017 at 1:41 p.m.; (v) January 18, 2017 at 8:32 a.m.; (vi) January 20, 2017 at 10:59 a.m.; and, (vii) January 23, 2017 at 11:59 a.m.

On January 31, 2017, the Motion was filed. It was mailed to the Addresses. Consistent with Mont. LBR 9013-1(e), the Motion included a "Notice and Opportunity to Respond and Request Hearing (the "Notice"). The Notice explained that, "If no objections are timely filed, the Court may grant the relief requested, as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted." While the Motion was pending, Debtor filed a Notice to Court noting that Debtor had received another billing statement dated February 2, 2017, in further violation of the discharge injunction. Notably, this billing statement was mailed to 963 S. Austin Ct., Saratoga Springs, UT, 84045-8105, consistent with Debtor's Notice of Change of Address filed January 18, 2017.[5]

Ultimately, Verizon did not respond to the Motion. As a result, this Court entered an Order dated February 21, 2017 (the "Contempt Order"), explaining and finding as follows:

> Verizon Wireless failed to file a response and request a hearing on Debtor's Motion for Sanctions within the notice period included with Debtor's Motion. Pursuant to Montana Local Bankruptcy Rule 9013-1(f), Verizon Wireless's failure to respond after notice "shall be deemed an admission that the relief requested should be granted." Based on that admission under Mont. LBR 9013-1(f), this Court finds that Verizon Wireless had knowledge of the above-captioned Chapter 7 bankruptcy case and discharge order, and knowingly violated the discharge injunction by sending the Debtor billing invoices and instigating collection calls demanding that she pay discharged debt. The Court concludes that this evidence is sufficient to hold Verizon Wireless in civil contempt.

---

dated December 13, 2016, provides a clear date for purposes of determining when Verizon received notice of the Discharge Order, and consideration of its conduct after that date for purposes of evaluating damages flowing from its contempt.

[5] Debtor moved from Missoula, MT to Saratoga Springs UT, following entry of her discharge.

The Contempt Order concluded by scheduling a hearing on March 9, 2017, for a determination of the amount of damages to be imposed against Verizon for civil contempt based on Verizon's violation of the discharge injunction of § 524(a)(2). The Contempt Order was sent to Verizon at the Addresses, and there is no indication in the Certificate of Notice that either address was bypassed.

At the hearing on March 9, 2017, Verizon did not appear. Debtor's Exhibits 1-8 were admitted, and Debtor testified. The Court directed Debtor to file an itemization of the amounts she was seeking following the hearing. Debtor complied, and filed an itemization on March 14, 2017.

Following submission of the itemization, Debtor received a "Request for Payment" dated March 9, 2017, from "North Shore Agency," with an indication that Verizon Wireless was its client.

**DISCUSSION**

A party who knowingly violates the discharge injunction can be held in contempt under § 105(a) of the bankruptcy code. *In re ZiLOG, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006). The court's contempt authority under § 105(a) is only civil contempt authority and allows only for civil sanctions as the appropriate remedy. *In re Dyer*, 322 F.3d 1178, 1191, 1192 (9th Cir. 2003) (considering contempt sanctions in context of stay violation). "Compensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorney's fees, and the offending creditor's compliance with the discharge injunction." *In re Walls*, 276 F.3d 502, 507 (9th Cir. 2002). Debtor offered evidence in the form of testimony of her damages. Her testimony was buttressed by an itemization of damages that was submitted following the hearing. The

testimony was unrefuted. Debtor's testimony, exhibits, and itemization reflect damages that can be characterized as: (a) compensatory; (b) emotional distress; and, (iii) coercive.

**A. Compensatory Damages**

Debtor is entitled to an award of compensatory damages. As a result of Verizon's violation of Debtor's discharge, Debtor had to retain counsel to insure that Verizon would discontinue its conduct and her discharge would be recognized. "[C]ompensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorneys' fees, and the offending creditor's compliance with the discharge injunction." *Walls*, 276 F.3d at 507; *In re Crocker*, 20 Mont. B.R. 371, 387-88 (Bankr. D.Mont. 2003). Geranios' affidavit of fees and costs reflects $2,586.05 in attorneys' fees and costs was incurred by Debtor. Here, Geranios' fees were reasonable and necessary for eliminating Verizon's conduct. Debtor is entitled to an award of $2,586.05 for her attorneys' fees incurred to date.[6]

Along with attorneys' fees, Debtor suffered other damages in connection with seeking Verizon's compliance with the discharge injunction. According to Debtor's testimony, Debtor now resides in Utah. In order to attend the hearing, and testify in support of her request for damages, Debtor missed work and incurred travel expenses. Debtor provided an itemized list of her mileage to attend the hearing, lodging, travel costs, and lost wages. Debtor is entitled to recover these amounts, which total $1,330.08.

**B. Debtor's Request for damages for Emotional Distress**

This Court cannot award damages for emotional distress in the matter. Debtor seeks damages for emotional distress in an unspecified amount. In *Dawson v. Wash. Mutual Bank*

---

[6] She will also be entitled to any additional fees that she may incur if Verizon violates the discharge injunction, or otherwise causes Debtor to have to retain the services of counsel in order to insure that she receives the benefits and rights afforded her under the bankruptcy code.

("*Dawson*"), 390 F.3d 1139, 1148-49 (9th Cir. 2004), the Ninth Circuit held that under § 362(h), emotional distress damages are cognizable if a party provides clear evidence to establish that significant harm occurred as a result of the violation. Although damages in the form of compensation for emotional distress may be recoverable, one court considering *Dawson*, in connection with an alleged discharge injunction violation, explained as follows:

> For violations of the automatic stay, a claim for emotional distress damages is only appropriate if the individual: (1) suffers significant harm; (2) clearly establishes the significant harm; and (3) demonstrates a causal connection between the harm and violation of the stay. This standard protects against frivolous claims with only fleeting or trivial anxiety insufficient to warrant compensatory damages. Although *Dawson* considered the remedy for violations of the automatic stay under section 362(k)(1), the same reasoning applies to willful violations of the discharge injunction.

*C & W Asset Acquisition, LLC v. Feagins (In re Feagins)*, 439 B.R. 165, 178 (Bankr. D.Hawaii 2010) (citations omitted). Here, Debtor provided testimony of certain medical conditions that pre-dated the violation of the discharge injunction. As a result of the testimony regarding the pre-existing medical issues, this Court cannot conclude that the harm Debtor complained of, was casually, or otherwise attributable to Verizon's violation of the discharge. As a result, damages for emotional distress cannot be awarded by this Court in this case on this record.

**C. Civil Penalty to Coerce Compliance.**

Debtor requested imposition of a coercive fine and punitive damages. There are limitations on bankruptcy courts under the contempt authority of § 105(a). *In re Dyer*, 322 F.3d 1178, 1192–93 (9th Cir. 2003). These limitations prohibit imposition of sanctions that could be characterized as "criminal" contempt. However, this Court may assess a fine that serves the joint purposes of compensation and ongoing or future compliance by the contemptuous party. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137–38 (9th Cir. 2001).[7]

[7] The discussion in *Hanshaw* relies on and discusses at some length *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994), which sets forth factors to consider in

Verizon has violated the discharge injunction entered on December 5, 2016 by billing and calling Debtor after the discharge was entered.[8] Verizon billed Debtor in January, February and March 2017, and placed calls to Debtor on (i) January 12, 2017 at 2:21 p.m.; (ii) January 13, 2017 at 9:17 a.m.; (iii) January 16, 2017 at 4:31 p.m.; (iv) January 17, 2017 at 1:41 p.m.; (v) January 18, 2017 at 8:32 a.m.; (vi) January 20, 2017 at 10:59 a.m.; and, (vii) January 23, 2017 at 11:59 a.m. This conduct merits imposition of an additional fine, both to further compensate Debtor, and insure future compliance.

For each Verizon's violations of the discharge the Court imposes a fine of $500.00 per incident. Thus, for 3 separate invoices, and 7 separate calls, Verizon shall pay Debtor an additional $5,000.00, and more importantly, it shall file with this Court a notice within 30 days of the date of this Order that affirmatively represents that it: (i) has tendered payment to the Debtor in the total amount of all damages and the fine, $8.916.13 to Debtor via her counsel; (ii) has taken all necessary steps to insure that Debtor will not receive another invoice for pre-petition services that correspond to the pre-petition debt of $629.36 in violation of the discharge; (iii) that Verizon has advised its agents and third-parties to cease and desist all efforts to collect $629.36 from Debtor; and (iv) that Verizon has submitted all appropriate information to any third-party credit reporting entity, so that the debt for $629.36 is reported accurately. Absent timely filing of the Notice required herein, Verizon shall be subject to an Order to Show Cause to be issued by the Court.

---

determining whether a court imposed sanction for contempt was civil or criminal. This distinction is important because under § 105(a), a bankruptcy court's contempt authority is limited to civil contempt. A fine that is compensatory and coercive falls within the bankruptcy court's civil contempt authority.

[8] Although there may be some basis for Verizon to argue that it did not immediately receive notice of the discharge from the BNC, at a minimum it had notice of this Court's Order granting Debtor's discharge beginning on or about December 13, 2016, after counsel specifically advised it to cease and desist.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 7 case under 28 U.S.C. § 1334(a).

2. Debtor's Motion for Sanctions for Contempt of Court, for violation of the discharge injunction of 11 U.S.C. § 524(a)(2), is a core proceeding under 28 U.S.C. § 157(b)(2).[9]

3. Debtor satisfied her burden of proof and established that she suffered damages resulting from Verizon's violations of the discharge injunction in the form of travel expenses, and lost wages in the amount of $1,330.08.

4. Debtor is entitled to an award of attorney fees and costs in the amount of $2,586.05, which were incurred in litigating their Motion for Sanctions for Contempt under § 524(a)(2).

5. Debtor is entitled to an award of a compensatory and coercive fine in the amount of $500.00 for each violation of her discharge injunction, which totals $5,000.00, and Verizon shall file Notice with this Court addressing each of the items identified above on or before May 3 2017, or be subject to a further Order to Show Cause.

**IT IS ORDERED a** separate Order shall be entered in the above-captioned Chapter 7 case, specifically ordering Verizon to pay to Debtor via her counsel, $8,916.13, and file the Notice required herein on or before May 3, 2017, and if it fails to do so, the Court shall issue an Order to Show Cause for Verizon's ongoing contempt.

Honorable Benjamin P. Hursh
U.S. Bankruptcy Judge

[9] The Court previously found Verizon in contempt. *See* Order at Dkt. 23.